IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**ARTHUR DALE SENTY-HAUGEN,**

        Petitioner,

v.                                           **CIVIL ACTION NO. 1:20-CV-47**
                                                        Judge Kleeh

**PAUL ADAMS**
Warden, FCI-Hazelton,

        Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Michael John Aloi [Doc. 20]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on July 30, 2021, wherein he recommends the § 2241 petition be denied and dismissed. For the reasons that follow, this Court will adopt the R&R.

**I. BACKGROUND**

On March 16, 2020, petitioner filed a Writ of Habeas Corpus Under 28 U.S.C. § 2241. [Doc. 1]. On December 15, 2020, respondent filed a filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment and accompanying Memorandum in Support. [Docs. 10 &10-1]. Petitioner filed a Response in Opposition on January 7, 2021. [Doc. 15].

1

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989);  ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist.  ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure.  Petitioner filed his Objections [Doc. 24] on September 16, 2021.

Although said Objections were untimely, this Court will review the portions of the R&R to which objections were filed *de novo*, and the remainder of the R&R will be reviewed for clear error.

## III. DISCUSSION

As an initial matter, petitioner notes in his Objections that he does not dispute the magistrate judge's findings contained in the "Procedural History," "Background," "Current Conviction," and "The Petition" sections contained within the R&R. *See* [Doc. 24 at 1]. Having reviewed those portions of the R&R and finding no clear error, those sections are adopted in entirety and incorporated into the analysis contained herein.

Next, petitioner concedes in his Objections that this Court does not have the jurisdiction to resolve a detainer lodged by the State of Minnesota. [Id.]. Further, petitioner concedes in his Objections the argument he previously asserted concerning a request for 369 days of jail credit not served under federal custody. [Id.]. Having reviewed the magistrate judge's findings of fact and conclusions of law on both points for clear error and finding none, those sections of the R&R are adopted in entirety herein.

Rather, petitioner's only pending objection to the R&R concerns the magistrate judge's analysis concerning whether the BOP legally obtained custody of him from the State of Minnesota. [Id. at 2]. More specifically, petitioner asserts that the district judge who presided over petitioner's underlying criminal action violated the primary jurisdiction doctrine by ordering the United States Marshal Service to take him into custody at a sentencing hearing. [Id.]. As a general rule, when an inmate is facing sentences imposed by both federal and state authorities, the sovereign that first arrested the inmate retains primary custody over him until that sovereign's imposed sentence is satisfied. ***United States v. Evans***, 159 F.3d 908, 912

(4th Cir. 1998). Petitioner erroneously contends that the procedural posture of his various cases somehow violates this rule.

In the instant case, there is no question that petitioner was initially arrested by the State of Minnesota. However, as correctly identified by the magistrate judge, by the time petitioner was sentenced in the United States District Court for the District of Minnesota, his first state sentence, imposed on July 29, 1993, had expired as had his subsequent state sentences imposed on January 16, 2015, and October 15, 2015. Therefore, petitioner's state sentences had been satisfied for any crimes he had committed under state criminal codes.

Rather than being subject to an unexpired state sentence when the district judge imposed the 120-month sentence that petitioner is currently serving in the BOP, petitioner was under an indefinite civil commitment to the Minnesota Sex Offender Program. Accordingly, petitioner was in the custody of the Minnesota Department of Human Services, which operates said program.

As identified by the magistrate judge, the Minnesota Commitment and Treatment Act: Sexually Dangerous Persons and Sexual Psychopathic Personalities (hereinafter "the MTCA") establishes the law and procedures governing civil commitment for individuals who, like petitioner, are deemed to be either a sexually dangerous person or a person with a sexual psychopathic personality. *See* Minn. Stat. Ch. 253D.01 *et seq*. The MTCA provides in pertinent part that a person who has been committed under the MTCA and "later is committed to the custody of the commissioner of corrections for any reason, including but not limited to, being sentenced for a crime or revocation of the person's supervised release or conditional release . . . shall be transferred to a facility designated by the commissioner of corrections

4

without regard to the procedures provided in Section 253D.29 [for transfer of committed persons to other treatment facilities]." Minn. Stat. § 253D.22(a). Put simply, when a civilly committed person, like petitioner, is sentenced to a term of imprisonment, custody of that person is transferred to facilitate execution of the prison sentence.

Although the MTCA's provision for transfer of custody to facilitate the execution of a sentence is discussed in the setting of the Minnesota state prison system, petitioner has advanced no persuasive argument that would indicate that same policy would not be followed for federal crimes committed by a person committed civilly under the MTCA. Further, and as identified by the magistrate judge, because a detainer was issued by the Minnesota Sex Offender Program, it is clear that the Minnesota Sex Offender Program relinquishes custody when a committed person receives a criminal sentence and must take proactive steps to regain custody upon expiration of the person's sentence. This is exactly what has occurred here. The Minnesota Sex Offender Program relinquished custody to the BOP and has lodged a detainer to regain custody at the expiration of petitioner's federal sentence.

Even if this Court were to conclude that the State of Minnesota had primary custody of petitioner by virtue of the civil commitment, under Eight Circuit law, the decision of place and priority of execution of sentences is within the discretion of the two sovereigns and is "not subject to attack by the prisoner." **United States v. McCrary**, 220 F.3d 868, 870 (8th Cir. 2000) (noting a defendant's lack of standing to question primary jurisdiction custody decisions of state and federal authorities). Applying Eighth Circuit law, the magistrate judge concluded, and this Court agrees upon review *de novo*, that petitioner has no standing to challenge state

5

and federal comity concerning primary jurisdiction. Accordingly, petitioner's Objections in that regard are overruled.

## IV.  CONCLUSION

For the aforementioned reasons, petitioner's Objections [**Doc. 24**] are **OVERRULED**, and it is the opinion of this Court that the **Report and Recommendation** [**Doc. 20**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Respondent's Motion to Dismiss or, in the alternative, for Summary Judgment [**Doc. 10**] is **GRANTED**.  Accordingly, this Court **ORDERS** that the § 2241 petition [**Doc. 1**] be **DENIED** and **DISMISSED**.  The pending Motion to Expedite [**Doc. 7**], Motion for Extension of Time to File Written Objections [**Doc. 22**], and Motion for Protective Order [**Doc. 23**] are each **DENIED AS MOOT**.

This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: September 28, 2021.

_____
**THOMAS S. KLEEH**
**UNITED STATES DISTRICT JUDGE**